# UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

**FreeAlliance.com, LLC**,

    Plaintiff,

v.

**The United States of America**,

    Defendant.

Case No. 20-554 C

Judge _____

## Unopposed Motion for Protective Order

FreeAlliance.com, LLC moves the Court for the entry of the Court of Federal Claims' standard protective order (COFC Form 8) in this protest. The Government does not oppose this request.

This Court will issue a protective order, for good cause shown, "limit[ing] or prohibit[ing] a nonparty's remote electronic access to a document filed with the court," RCFC 5.2(e)(2), and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" *Id.* at 26(c)(1). The Court will find good cause if "specific prejudice or harm will result if no protective order is granted." *Davita Healthcare Partners, Inc. v. United States*, 131 Fed. Cl. 42, 43 (2017) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

Resolution of this action is likely to involve discussion of confidential, proprietary, and sensitive information, the disclosure of which will lead to competitive harm. For example, the Administrative Record is likely to include information relating to FreeAlliance's proposal (including information bearing on its organizational experience and responsibility). The Record will also need to include documentation (including correspondence) relating to the Navy's and

the Small Business Administration's assessment of FreeAlliance's responsibility and eligibility for award. And because FreeAlliance believes it would have received the award had the SBA issued it a Certificate of Competency, information relating to the Navy's evaluation of other offerors might also be relevant. This information—or at least a part of it—is likely to include confidential material, the release of which would cause competitive harm.

It is also worth noting that the GAO bid protest that preceded this matter was subject to a protective order. Thus, the Record is likely to conclude material that was previously designated as protected. To ensure that this protection remains, a protective order should be granted here. A protective order will allow the parties to explore in greater detail any issues related to sensitive company information raised in FreeAlliance's Complaint.

For these reasons, FreeAlliance asks the Court to issue a protective order in this matter.

Dated: May 4, 2020

Respectfully submitted,

/s/ Daniel J. Strouse
Daniel J. Strouse (attorney of record)
Joshua D. Schnell (of counsel)
Cordatis LLP
1011 Arlington Boulevard
Suite 375
Arlington, Virginia 22209
Phone: (202) 342-2550
Fax: (202) 342-6147
www.cordatislaw.com
Email: dstouse@cordatislaw.com
jschnell@cordatislaw.com

Matthew T. Schoonover (of counsel)
Koprince Law LLC
901 Kentucky Street, Ste. 301
Lawrence, KS 66044
Phone: (785) 200-8919
Email: mschoonover@koprince.com

*Counsel for FreeAlliance.com, LLC*